UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY NUDELMAN.,

                Plaintiff,

        -against-

ADI RAVIV and HTI ASSOCIATES LLC,

                Defendants.

26-CV-01390 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

On March 27, 2026, *pro se* Defendant Adi Raviv ("Raviv") submitted a letter seeking "an extension of time to answer, move, or otherwise respond to the Complaint."   ECF No. 9. Additionally, Raviv includes a request for a corresponding extension of time on behalf of Defendant HTI Associates LLC ("HTI"), of which he is the sole member.   *Id.*

"[A]n individual generally has the right to proceed pro se with respect to his own claims or claims against him personally," or to be represented by a licensed attorney. *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132 (2d Cir. 2009); 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel."). But "an individual who is not licensed as an attorney" cannot appear on another's behalf. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

A limited liability company (LLC) can appear in federal court only through a licensed attorney. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007) (28 U.S.C. § 1654 does not permit "unlicensed laymen to represent anyone else other than themselves."). This includes "sole member or solely-owned limited liability companies." *Id.* at 140.   "Where a lay individual chooses to accept the advantages of incorporation, he or she must also bear the legal burdens of

that incorporation, including the requirement to have an attorney present the corporation's legal claims." Samuel Adams Enterprises, LLC v. Mountain One Bank, No. 13-CV-5151 (NGG) (LB), 2013 WL 6712566, at *2 (E.D.N.Y. Dec. 18, 2013).  Thus, in *Lattanzio*, the Court of Appeals held that where the sole member of an LLC was not an attorney, he could not represent the LLC, even though it had no other members.

Because Raviv does not indicate that he is an attorney admitted to practice in this Court, he cannot act on behalf of HTI without counsel, even if he is the sole member of the LLC. Accordingly, Raviv's request for an extension of time to answer, move, or otherwise respond to the Complaint is **GRANTED**. The deadline for Raviv to respond to the Complaint is hereby extended to **May 4, 2026**.  Although Raviv cannot move on behalf of HTI, the Court nonetheless *sua sponte* extends the time of HIT to answer, move, or otherwise respond to the Complaint until May 4, 2026.

The Clerk of Court is directed to mail a copy of this order to Defendant and note service on the docket.

SO ORDERED.

Dated:    April 1, 2026
          New York, New York

_____
JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

2